Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARIA HUITZIL, CAROLINA OSORIO ROMERO, CRISPINA SANCHEZ, GISELLE DOMINGUEZ, GLADYS DOMINGUEZ MODESTO, and LEIDY CANDO PAGUAY, on behalf of themselves, and others similarly situated, | Case No.  17 CV 5387 |
| | FLSA COMPLAINT |
| Plaintiffs, | ECF CASE |
| -against- | |
| DAP SERVICES CORP., VRN SERVCIES CORP., and GOLDEN SEAHORSE LLC, dba HOLIDAY INN MANHATTAN, | |
| Defendants. | |

---

Plaintiffs, Maria Huitzil, Carolina Osorio Romero, Crispina Sanchez, Giselle Dominguez, Gladys Dominguez Modesto, and Leidy Cando Paguay, (hereinafter, "Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants DAP Services Corp., VRN Services Corp., and Golden Seahorse, LLC, dba Holiday Inn Manhattan (defendants herein collectively referred to as the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (a) unpaid wages and minimum wages; (b) unpaid overtime compensation; (c) liquidated damages, (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid wages and minimum wages; (b) unpaid overtime compensation; (c) unpaid spread of hours premiums pursuant to the New York Labor Law; (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (e) prejudgment and post-judgment interest; and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are adult residents of New York City.

6.     Defendant DAP Services Corp., is a business entity organized under the laws of the State of New York, with a primary business address 517 Grand Street, New York, New York 10002.

7.     Defendant VRN Services Corp. is a business entity organized under the laws of the State of New York, with a primary business address 75 East 4th Street, New York, New York 10003.

8.     Defendant Golden Seahorse, LLC, dba Holiday Inn Manhattan – Financial District, is a foreign limited liability company and business entity existing under the laws of the State of New York, with a principal business address 99 Washington Street, New York, New York 10006.

9.     Upon information and belief, at all times relevant to this action, the Defendants, jointly, employed plaintiffs has housekeeping staff at the Holiday Inn Manhattan – Financial District, located at 99 Washington Street, New York, New York 10006.

10.     Defendant, DAP Services Corp., is the successor to non-party "Quality Standard Service Corp."

11.     As successor DAP Services Corp. acquired substantial assets from its predecessor, and has continued, without interruption or substantial change, the business operations of the predecessor corporation.

12.     To the extent defendants are the successors to other prior business entities, they are liable for the debts and liabilities of the predecessor companies and its owner(s) and operator(s).

3

13.    Upon information and belief, DAP Services Corp. and VRN Services Corp. are successor companies, which continued the business operations of their predecessor(s), namely providing housekeeping services to various hotels, including the Holiday Inn Manhattan – Financial District, without interruption or substantial change.

14.    To the extent the Defendants, are actually separate corporations, each engage in related activities, namely, operating, maintaining, and cleaning a hotel located at 99 Washington Street in lower Manhattan. The corporations shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to the housekeeping staff, paid the employees by the same method, and shared control over the employees.

15.    Upon information and belief, Defendants DAP Services Corp. and VRN Services Corp. are under common control and management.

16.    DAP Services Corp. and VRN Services Corp. are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

17.    The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together, namely, the Defendants.

18.    The corporate defendants share a common commercial business purpose, namely, operating and maintaining a hotel open to and for use by the general public.

4

19.     Upon information and belief, an arrangement existed between the corporate defendants whereby each entity agreed to share the services of Plaintiffs and other similarly situated employees.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

21.     Upon information and belief, the Defendants, jointly, employed Plaintiffs pursuant to the FLSA and New York Labor Law.

22.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants, jointly, were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

23.     Defendants employed Plaintiffs in New York County, New York to work as a non-exempt housekeepers and cleaners.

24.     The work performed by Plaintiffs was directly essential to the business operated by the Defendants.

25.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

### STATEMENT OF FACTS

### a. Plaintiff Maria Huitzil

26.     In or about August 2015, Defendants hired Plaintiff Maria Huitzil to work as a non-exempt housekeeper at the Holiday Inn Hotel, located at 99 Washington Street, New York, New York.

27.     Plaintiff Maria Huitzil worked for the Defendants in the same capacity through May 30, 2017.

28.     During the course of Plaintiff's employment by Defendants, she often worked over forty (40) hours per week.

29.     Plaintiff generally worked 8:30 a.m. until 5:00 p.m. or 5:30 p.m., five (5) or six (6) days a week.

30.     Throughout her employment, Plaintiff was told she would be paid $11.00 per hour, but actually she was paid for each room she cleaned.

31.     Plaintiff was paid five dollars fifty cents ($5.50) per room; she was not paid for time spent preparing to clean a room. She was not paid overtime pay when she worked more than forty (40) hours in one workweek.

### b. Plaintiff Carolina Osorio Romero

32.     In or about March 2014, Defendants hired Plaintiff Carolina Osorio Romero to work as a non-exempt housekeeper at the Holiday Inn Hotel, located at 99 Washington Street, New York, New York.

33.     Plaintiff Carolina Osorio Romero worked for the Defendants in the same capacity through May 30, 2017.

34.     During the course of Plaintiff's employment by Defendants, she often worked over forty (40) hours per week.

35.     Plaintiff generally worked 8:45 a.m. until 5:00 p.m. or 5:30 p.m., five (5) or six (6) days a week.

36.     Throughout her employment, Plaintiff was paid five ($5.00) per room; her pay was increased to five dollars fifty cents ($5.50) per room in 2017. She was not paid for time spent preparing to clean a room. She was not paid overtime pay when she worked more than forty (40) hours in one workweek.

37.     Plaintiff Carolina Osorio Romero was not allowed to punch in until 9:00 a.m., even when she came earlier, and she was not paid hourly.

### c. Plaintiff Crispina Sanchez

38.     In or about June 2016, Defendants hired Plaintiff Crispina Sanchez to work as a non-exempt housekeeper at the Holiday Inn Hotel, located at 99 Washington Street, New York, New York.

39.     Plaintiff Crispina Sanchez worked for the Defendants in the same capacity through May 30, 2017.

40.     During the course of Plaintiff's employment by Defendants, she often worked over forty (40) hours per week.

41.     Plaintiff generally worked 8:45 a.m. until 5:00 p.m. or 5:30 p.m., five (5) or six (6) days a week.

42.     Throughout her employment, Plaintiff was paid five dollars fifty cents ($5.50) per room. She was not paid for time spent preparing to clean a room. She was not paid overtime pay when she worked more than forty (40) hours in one workweek.

### d.  Plaintiff Giselle Dominguez

43.     In or about February 2017, Defendants hired Plaintiff Giselle Dominguez to work as a non-exempt housekeeper at the Holiday Inn Hotel, located at 99 Washington Street, New York, New York.

44.     Plaintiff Giselle Dominguez worked for the Defendants in the same capacity through May 30, 2017.

45.     During the course of Plaintiff's employment by Defendants, she often worked over forty (40) hours per week.

46.     Plaintiff generally worked 8:45 a.m. until 5:00 p.m. or 5:30 p.m., five (5) or six (6) days a week; she sometimes worked a second shift beginning at 7:00 p.m. until 11:00 p.m.

47.     Throughout her employment, Plaintiff was paid five dollars fifty cents ($5.50) per room. She was not paid for time spent preparing to clean a room. She was not paid overtime pay when she worked more than forty (40) hours in one workweek.

### e.  Plaintiff Gladys Dominguez Modesto

48.     In or about August 2015, Defendants hired Plaintiff Gladys Dominguez Modesto to work as a non-exempt housekeeper at the Holiday Inn Hotel, located at 99 Washington Street, New York, New York.

49.     Plaintiff Gladys Dominguez Modesto worked for the Defendants in the same capacity through May 30, 2017.

50.     During the course of Plaintiff's employment by Defendants, she often worked over forty (40) hours per week.

51.     Plaintiff generally worked 8:30 a.m. until 5:30 p.m., five (5) days a week.

52.     Throughout her employment, Plaintiff was paid five dollars ($5.00) per room; her pay was increased to five dollars fifty cents ($5.50) per room in 2017.

53.     She was not paid for time spent preparing to clean a room. She was not paid overtime pay when she worked more than forty (40) hours in one workweek.

### f.  Plaintiff Leidy Cando Paguay

54.     In or about September 2016, Defendants hired Plaintiff Leidy Cando Paguay to work as a non-exempt housekeeper at the Holiday Inn Hotel, located at 99 Washington Street, New York, New York.

55.     Plaintiff Leidy Cando Paguay worked for the Defendants in the same capacity through March 1, 2017.

56.     During the course of Plaintiff's employment by Defendants, she often worked over forty (40) hours per week.

57.     Plaintiff generally worked 9:00 a.m. until 6:00 p.m., five (5) days a week.

58.     Throughout her employment, Plaintiff was paid five dollars ($5.00) or five dollars fifty cents ($5.50) per room.

59.     She was not paid for time spent preparing to clean a room. She was not paid overtime pay when she worked more than forty (40) hours in one workweek. She was paid for less rooms than she cleaned.

### GENERAL ALLEGATIONS

60.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

61.     Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

62.     At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs for work performed over forty (40) hours in a workweek.

63.     Plaintiffs were falsely told that they were paid hourly, when in fact they were paid per room they cleaned.

64.     Plaintiffs were not paid for the time spent preparing their supplies to clean rooms.

## COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiffs bring this action individually and as representative on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since July 2013 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage; and who were not paid overtime compensation.

66.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of potential Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their

claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

67. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

68. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

69. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

70. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Plaintiffs and the Collective Action Members statutory minimum wages and overtime compensation;

c. Whether the Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA; and,

d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

71.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

72.     Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

73.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74.     At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75.    At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

76.    Upon information and belief, at all relevant times, the Defendant had gross revenues in excess of $500,000.

77.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

78.    Defendants willfully failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

79.    Plaintiffs and the collective action members were entitled to be paid for all hours worked and at the rate of time and one-half the minimum rate of pay for hours worked in excess of forty (40) each week.

80.    Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

81.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

82.    Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

83.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false.

84.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

85.     As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

86.     Due to the unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

87.     Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

88.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "87" of this Complaint as if fully set forth herein.

89.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

90.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages for all hours worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

91.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day she worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142-2.4.

92.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198.  Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

93.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "92" of this Complaint as if fully set forth herein.

94.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

95.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

96.     Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

97.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

98.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

99.    Plaintiffs were not provided with true and accurate weekly wage statements as required by law.

100.   Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation, pursuant to 29 U.S.C. § 216;

(c)    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(d)    An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and

(f)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
          July 17, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102

By:     _____
              Peter H. Cooper (PHC 4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Maria Huitzil_____, am an employee currently or

formerly employed by _Holiday Inn + DAP Services_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 6_____, 2017

_Maria Huitzil_

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, Carolina Osorio _____, am an employee currently or formerly employed by Holiday Inn + DAP Services _____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
June 6, _____, 2017

Carolina Osorio

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Crispina Sanchez_ , am an employee currently or formerly employed by _Holiday Inn & DAP Services Corp_ and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 6_ , 2017

_Crispina Sanchez_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Griselle Dominguez_, am an employee currently or formerly employed by _Holiday Inn & DAP Services Corp_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 6_, 2017

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Gladys Dominguez_, am an employee currently or formerly employed by _Holiday Inn & DAP Services Corp_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 6_____, 2017

_Gladys Dominguez_

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Leidy Cando Paguay_ , am an employee currently or
formerly employed by _Holiday Inn & VRN Services Corp._, and/or related
entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 26_ , 2017

_Leidy Cando._