UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA HUITZIL, CAROLINA OSORIO ROMERO, CRISPINA SANCHEZ, GISELLE DOMINGUEZ, GLADYS DOMINGUEZ MODESTO, and LEIDY CANDO PAGUAY, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

DAP SERVICE CORP., VRN SERVICES CORP., and GOLDEN SEAHORSE LLC, dba HOLIDAY INN MANHATTAN,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/2018

17 Civ. 5387 (AT) (HBP)

**ORDER**

ANALISA TORRES, District Judge:

On July 17, 2017, Plaintiffs, a group of six hotel housekeepers, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL").  Compl., ECF No. 1.  On January 29, 2018, the Court declined to approve the settlement agreement submitted by the parties because it contained impermissibly broad confidentiality provisions and a restriction on Plaintiffs' future employment opportunities.  Order, ECF No. 22.  The parties jointly move for approval of a revised settlement agreement (the "Revised Agreement") and an award of attorney's fees to Plaintiffs' counsel.  Supp. Approval Letter, ECF No. 23; Revised Agreement, ECF No. 23-1.  For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at

*1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

## II.  Settlement Approval and Attorney's Fees

The Revised Agreement provides for Defendants to pay a total of $65,000 to settle their claims with Plaintiffs, with counsel to receive approximately one-third of the settlement: $21,900. Revised Agreement at 2. Pursuant to the agreement, Defendants pay one lump sum payment to Plaintiffs. *Id.* The Revised Agreement provides for a mutual release of claims related to the wage-and-hour violations alleged in the complaint, and no longer contains confidentiality provisions or restrictions on Plaintiffs' future employment opportunities. *Compare* Settlement Agreement ¶¶ 4, 10, ECF No. 21-1, *with* Revised Agreement at 2–8.

Having carefully reviewed the parties' submissions, the Court concludes that the settlement is fair and reasonable. In order to assess the reasonableness of the settlement, the Court begins with an estimate of damages assuming Plaintiffs' claims succeed at trial. Plaintiffs allege that they were paid per room they cleaned, rather than by the hour. *E.g.* Compl. ¶¶ 31, 36. Plaintiffs Gladys Dominguez Modesto, Carolina Osorio Romero, and Crispina Sanchez estimate they are owed approximately $4,000 each in lost wages and $4,000 each in liquidated damages; Plaintiff Maria Huitzil estimates approximately $3,500 in lost wages and another $3,500 in liquidated damages; Plaintiff Giselle Dominguez estimates approximately $3,000 in lost wages and another $3,000 in liquidated damages; finally, Plaintiff Leidy Cando Paguay estimates approximately $2,000 in lost wages and another $2,000 in liquidated damages. Revised

Agreement at 3–4.  In total, therefore, Plaintiffs could expect to establish up to $41,000 in damages at trial.

Here, because the settlement amount approximates the total exposure of Defendants, the amount of the settlement is fair and reasonable.  In addition, the settlement was the product of court-ordered mediation, ECF No. 18, which reduces the likelihood of fraud or collusion in reaching a resolution of this case.  And finally, the waiver of claims in the Settlement Agreement is now narrowly tailored, and it contains no restrictive provisions on what the Plaintiffs can say or where they can work.  Revised Agreement ¶ 3.

As far as attorney's fees, the Settlement Agreement provides that Plaintiffs' counsel, Clienti & Cooper, PLLC, would retain $21,900, or about one-third of the settlement payment in attorneys' fees and costs.  *Id.* at 2.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and its counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).  As a check on the reasonableness of attorneys' fees, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

In total, Plaintiffs' lodestar calculation is $29,040 in attorney's fees and $561 in costs.  Billing Records, ECF No. 25-1.  The records reflect time spent drafting the complaint, preparing for and attending the mediation, reviewing documents, and researching successor liability.  *Id.*  Peter Cooper is the principal attorney on the matter, and he billed at a rate of $400 per hour.  His assistant, Tatiana Cevallos, bills at $100 per hour.  *Id.*  The Court reduces Cooper's rate to $350 per hour and finds that $100 per hour is a reasonable rate for Cevallos.  *See Vasquez v. TGD Grp., Inc.*, No. 14 Civ. 7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016) (reducing Cooper's hourly rate from $400 to $350 and collecting cases); *Inter-Am. Dev. Bank v. Venti S.A.*, No. 15 Civ. 4063, 2016 WL 642381, at *8 (S.D.N.Y. Feb. 17, 2016) (awarding $100 per hour to legal assistant).  Nevertheless, the one-third fee that counsel would actually earn in this case is a sum smaller than counsel's actual bills—even with the reduction in Cooper's billing rate (the reduced lodestar is $25,638.75, compared to the $21,900 proposed by the parties).  Given that fact, and because "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motions for settlement approval and attorney's fees are GRANTED.  The Clerk of Court is directed to terminate all motions and close the case.

SO ORDERED.

Dated: March 23, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge